FILED
CLERK
11/4/2026 3:37 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------X

ELECTRICAL INDUSTRY BOARD OF NASSAU AND SUFFOLK COUNTIES,

Petitioner,

-against-

PALACE ELECTRICAL CONTRACTORS INC.,

Respondent.

---------------------------------------------------------------X

**ORDER**
25-CV-6796 (JMA) (LGD)

**AZRACK, United States District Judge:**

Petitioner Electrical Industry Board of Nassau and Suffolk Counties ("Petitioner") seeks to confirm and enforce an arbitration award entered against Respondent Palace Electrical Contractors Inc. ("Respondent") on October 3, 2025. (See Petition, ECF No. 1; see also ECF No. 1-5.) The arbitrator issued the award upon finding that Respondent violated the collective bargaining agreement ("CBA") between the parties. Respondent has neither responded to this action nor otherwise sought to challenge the award. For the reasons that follow, the Petition is GRANTED.

## I. BACKGROUND

Petitioner serves as the administrator of various employee benefit plans established and maintained pursuant to the CBA. (Petition ¶ 4.) Petitioner is a fiduciary within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(16)(A)(i) and 1002(21)(A), of each of the employee benefit plans which it administers: the Annuity Fund of the Electrical Industry of Long Island, the IBEW Local 25 401(K) Fund, the IBEW Local 25 Health & Benefit Fund, the IBEW Local 25 Pension Fund, and the IBEW Local 25 Vacation & Holiday Trust Fund (collectively, the "ERISA Funds"). (Id. ¶ 5.) Each of the ERISA Funds is an employee benefit plan and a multi-employer plan under ERISA. (Id. ¶ 7.) Each Fund is jointly governed

by a board of trustees comprised of labor and management representatives who share equal representation in the administration in accordance with the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 302(c)(5). (Id.) Respondent is a corporation incorporated under the laws of the State of New York and has a principal executive office located at 84 Toledo Street, Farmingdale, New York 11735. (Id. ¶ 10.) Respondent was, at relevant times, an employer within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. (Id. ¶ 10.)

Under the CBA between the parties, Respondent was required to remit contributions to the Funds when covered employees performed work covered by the CBA. (Id. ¶ 15.) A dispute arose between the parties when Respondent failed to remit contributions required for work through Ju;y 11, 2025. (Id. ¶ 21.) Petitioner initiated arbitration pursuant to the CBA's arbitration clause, seeking to hold the respondent liable for estimated unpaid contributions. (Id. ¶¶ 22-25.) In a October 3, 2025, Award and Opinion, the arbitrator found that Respondent violated the CBA and ordered the respondent to pay Petitioner a total of $520,514.52. (ECF No. 1-5 at 4–5.)

On December 9, 2025, Petitioner filed this petition. Petitioner asks the Court to: (1) confirm the arbitration award; (2) award Petitioner $520,514.52 pursuant to the award; (3) award Petitioner $844.50 in attorneys' fees and costs arising out of this petition; (4) award pre-judgment interest at the 9% New York State statutory rate; and (5) award post-judgment interest at the statutory rate. (Id. ¶ 40.)

Despite being served with the petition on December 12, 2025, Respondent has not responded, and the deadline to do so has passed. (See ECF No. 9.) The petition will therefore be decided based on the papers submitted by Petitioner.

## II. DISCUSSION

Because Respondent has not answered the petition, the Court treats the petition as an

unopposed motion for summary judgment. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109–110 (2d Cir. 2006).

Based on the arbitration award and other documentary evidence submitted by Petitioner, the Court finds Petitioner has demonstrated that the arbitration award should be confirmed. See id. at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award.") (internal quotation marks and citations omitted).

Petitioner also requests attorneys' fees in the amount of $844.50, which includes the cost of 3 hours of services rendered, as well as court filing fees and service charges associated with filing the instant petition. The Collection Policy and Award provide for such a remedy. (See Petition ¶ 20.) The requested $844.50 award is reasonable. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. LLF Constr. Servs., Inc., No. 18-cv-5416, 2018 WL 4778923, at *2 (S.D.N.Y. Oct. 3, 2018); see also Abondolo v. H. & M. S. Meat Corp., No. 07-cv-3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (collecting cases)).

Petitioner also requests prejudgment interest at an annual rate of 9% from the time of the award to the date of judgment.[1] The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court. New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., No. 03-cv-5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003). The Second Circuit has recognized "a presumption in favor of

---

[1] The arbitration award accounts for interest owed on the principal amount of delinquent contributions up to the date of the judgment confirming the awards. (See ECF No. 1-5 at 4.)

prejudgment interest" for arbitration awards. Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737 F.2d 150, 154 (2d Cir.1984); see, e.g., Restrepo v. Mech. Elec. Corp., 806 F. Supp. 3d 323, 333 (E.D.N.Y. 2025). Additionally, the "common practice" among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law. Id., citing 1199SEIU United Healthcare Workers East v. Alaris Health at Hamilton Park, No. 22-cv-531, 2022 WL 1080707, at *5 (S.D.N.Y. Apr. 11, 2022); see N.Y. C.P.L.R. §§ 5001–04. In line with this practice, the Court finds Petitioner is entitled to prejudgment interest at a rate of 9% per annum on the amounts due from October 3, 2025, to the date judgment is entered in this matter, for a total of $50,953.38.

Therefore, the Court finds that Petitioner is entitled to judgment in the amount of:

(1) $520,514.52 pursuant to the October 3, 2025 Award;

(2) $844.50 in attorneys' fees and costs arising out of this petition;

(3) Pre-judgment interest at the rate of 9% per annum in the amount of $50,953.38; and

(4) Post-judgment interest at the federal statutory rate.

## III. CONCLUSION

For the foregoing reasons, the Court grants the petition. The Court hereby confirms the arbitration award and finds that Petitioner is entitled to judgment in total amount of $572,312.40 plus post-judgment interest.

The Clerk of Court is directed to close this case and to mail a copy of this Order to Respondent at the following address:

Palace Electrical Contractors, Inc.
84 Toledo Street
Farmingdale, New York 11735

**SO ORDERED.**

Dated: November 4, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE